U.S. DISTRICT COURT
Southern District of Georgia
Filed in Open Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

1040 M.

09/09 , 20 13

Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) INDICTMENT NO. CR 113-10 |
| v. | ) |
| | ) |
| | ) |
| ANGELA WILLINGHAM aka | ) |
| ANGELA GUSTAVE | ) |

## PLEA AGREEMENT

Patricia Green Rhodes, Assistant United States Attorney, and Peter Johnson, attorney for

the defendant, pursuant to the provisions of Rule 11, Federal Rules of Criminal Procedure, as

amended, have, with the authorization of the undersigned defendant, heretofore entered into

discussions with a view towards reaching a pretrial conclusion of the charges pending in the

Indictment styled above, and a Plea Agreement has been reached by said parties in the following

respects:

### GOVERNMENT'S OBLIGATIONS UNDER THIS AGREEMENT

1.  Upon the defendant's entry of a plea of guilty to the offense charged in Counts 1, 93,

98,122, 127 of the Indictment, the defendant's full compliance with all promises made

hereinafter as a part of this agreement, and the defendant's adherence to all representations and

understandings recited hereinafter, the attorney for the government will do the following:

a.  Dismiss Counts 2-9, 18, 23, 26, 29, 30, 38-41, 43, 44, 46, 48, 52, 53-56, 60, 66, 76,

83, 89, 107, 116, 136, and 145 of the Indictment;

b.  The government will not object to a recommendation from the probation office that

the defendant receive a **2** level reduction for acceptance of responsibility under the provisions of

Chapter Three Part E <u>Acceptance of Responsibility</u> of the sentencing guidelines, based upon the defendant clearly demonstrating acceptance of his responsibility for his offense in accordance with Section 3E1.1 (a) of the Sentencing Guidelines.

If the defendant qualifies for a decrease under subsection (a), the government will make a motion for an additional **1**-point reduction for acceptance of responsibility, provided the defendant truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, has not engaged in criminal conduct subsequent to arrest or initial appearance in this matter, and truthfully admits or does not falsely deny any additional relevant conduct for which the defendant is accountable under the United States Sentencing Guidelines.

c. <u>COOPERATION PROVISION</u>

The government shall advise the Court at sentencing of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by the defendant.

If the defendant's cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1 and under the policies of the United States Attorneys Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence. If the defendant's cooperation is completed or likely to be completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and Rule 35, Fed.R.Crim.P. and under

2

the policies of the United States Attorneys Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence, within one year of the imposition of sentence.

**The defendant fully understands that whether or not the sentencing court decides to depart downward below a guideline range or statutory minimum sentence, or reduce the defendant's sentence, as well as the extent of any such downward departure or reduction, is completely within the sentencing court's discretion, and that the Court is not bound to accept any recommendation by the government.**

If the defendant should be called as a witness in a case in which she has provided information, the defendant understands and agrees to the following:

      i.    That she shall testify truthfully and completely before any grand jury, trial jury, or in any proceeding preliminary or ancillary thereto, to which the information provided under this agreement may pertain, and to waive any privileges which the defendant may have with regard to such testimony.

      ii.   That she shall meet with law enforcement agents and/or counsel for the government at times and places of their choosing, as may be necessary to discharge the defendant's obligations under this agreement, and in connection therewith the defendant waives any right to the presence of his counsel during such meetings.

      iii.  That the defendant is required at all times to give complete, truthful, and accurate evidence and testimony when call upon to do so by the government or another defendant; That the defendant is not called upon by this agreement nor any other to implicate

3

any particular individual as to any particular illegal activity, nor to "make a case" against anyone;

That the defendant's benefits under this agreement are conditioned solely upon his cooperation

and truthfulness, and are IN NO WAY conditioned upon the outcome of any trial, grand jury, or

other proceeding;

       iv.   The defendant agrees to waive all rights under the Speedy Trial Act, if

necessary, to delay sentencing until the completion of substantial portions of the defendant's

cooperation, so as to provide the sentencing court with all relevant information.

       v.  If the defendant should fail in any way to fulfill completely her obligations

under this agreement then the government will be released from its commitment to honor all of

its obligations to her.  Thus, if at any time she should knowingly withhold evidence from

government investigators prior to or in her testimony before grand juries or trials, then the

government will be free (1) to prosecute her for perjury, false declaration, false statement, and/or

obstruction of justice [18 U.S.C. §§ 1621, 1623, 1001, 1503]; (2) to prosecute her for all

violations of federal criminal law which she has committed; (3) to use against her in all of those

prosecutions and sentencings the information and documents she disclosed or furnished to the

government during the course of her cooperation; (4) to recommend a maximum sentence; and

(5) to seek forfeiture of any and all forfeitable properties of the defendant.  The parties agree to

submit to the court, to be decided by a preponderance of the evidence standard, the question of

whether defendant has breached this agreement.

DEFENDANT'S OBLIGATIONS UNDER THIS AGREEMENT

  2.  The Defendant agrees:

  a.  to plead guilty to Counts 1, 93, 98, 122 and 127 of the Indictment

4

b. to a limited waiver of appeals: To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of her sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of her sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

**The defendant also understands that in accordance with United States v. Booker, the district court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence.**

3. <u>DEFENDANT'S REPRESENTATIONS TO THE COURT AND FURTHER OBLIGATIONS UNDER THIS AGREEMENT:</u>

a. FACTUAL BASIS:

The defendant understands that Count One of the Indictment charges that the defendant did commit an offense against the United States, that is to say, that

1. Between 2009 and 2011, the Defendants: **ANGELA WILLINGHAM aka ANGELA GUSTAVE,** SANTANA WILLINGHAM, JAMES BUTLER, DENTAVIA MCNAIR, BRITTNEY WRIGHT, JANICE SMALLEY, PATRICE ROBERSON,  CHERYL WILLINGHAM, MATTHEW HARRINGTON,  SANTRECE WILLINGHAM, LASANDRA

5

WHITFIELD and KELLY BARTON, did receive United State Currency from refunds from the United States Treasury based on tax returns that contained one or more false statements.

2. Between 2009 and 2011, the Defendants filed 90 fraudulent, false, or fictitious tax returns totaling over $500,000 in false, fictitious, or fraudulent claims.

3. The Internal Revenue Service (IRS) was and is an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States.

4. That beginning on or about January 1, 2009 and continuing until the return of this indictment, in the Southern District of Georgia, the defendant,

### ANGELA WILLINGHAMaka ANGELA GUSTAVE

did combine, conspire, confederate, and agreed together with other known and others unknown, to knowingly and intentionally defraud the United State Department of Treasury by obtaining and attempting to obtain payment of false claims, and that the defendant's guilty plea constitutes proof as to that Count.

**The parties further agree and stipulate for the purposes of relevant conduct and the sentencing guideline calculation in this case, that based on the evidence available to the government at this time, the loss amount is not less then $400,000 but not more than $1,000,000.**

The defendant understands that Counts 93 and 98 of the Indictment charge that **ANGELA WILLINGHAM aka ANGELA GUSTAVE** did commit offenses against the United States, that is to say, that on the dates listed below, in Richmond County, in the Southern District of Georgia, and elsewhere, the defendant, knowingly and for a reason other than

6

permitted by Title 42, United States Code, Chapter 7, Subchapter XI, Part C, used and caused to

be used, individually identifiable health information for personal gain. Specifically, the

defendant(s) did obtain individually identifiable health information relating to individuals, that is,

patients' names, dates of birth, and Social Security numbers, which had been collected by a health

care providers, with the intent to use said information for personal gain for themselves and other

co-defendants, in that the health information was used to file fraudulent tax returns, which

resulted in tax refunds to which the defendant(s) were not entitled.  Each of the foregoing

allegations is hereby incorporated into each of the following counts as if fully set forth therein:

| Count | Date of Filing | Defendant(s) | Victim Initials and Health Care Provider |
|-------|----------------|--------------|------------------------------------------|
| 93 | 4/28/2011 | **ANGELA WILLINGHAM aka ANGELA GUSTAVE**<br><br>DENTAVIA MCNAIR<br><br>JANICE SMALLEY | W.B, stolen from MCG |
| 98 | 7/20/2011 | **ANGELA WILLINGHAM aka ANGELA GUSTAVE**<br><br>LASANDRA WHITFIELD<br><br>PATRICE ROBERSON<br><br>KELLY BARTON | R.D. stolen from Gracewood |

The defendant understands that Counts 122 and 127 of the Indictment charge that

defendant did commit offenses against the United States, that is to say that, on or about the dates

listed below, in Richmond County, in the Southern District of Georgia, **ANGELA**

**WILLINGHAM aka ANGELA GUSTAVE** , aided and abetted by others, did knowingly

7

transfer, possess and use, without lawful authority, means of identification of other persons, that is names and social security numbers, during and in relation to Theft of Public Money, a felony violation of Federal law pursuant to 18 U.S.C. 641, as charged in this indictment.  Each of the foregoing allegations is hereby incorporated into each of the following counts as if fully set forth therein:

| CT: | Date of Filing | Defendant(s) | Predicate Felony Violation | Initials of Victim And (Source of Information) | Means of Identification |
|-----|----------------|--------------|----------------------------|-----------------------------------------------|-------------------------|
| 122 | 4/28/2011 | **ANGELA WILLINGHAM aka ANGELA GUSTAVE** <br><br> DENTAVIA MCNAIR | Theft of Public Money as charged in Count 53 | W.B, (stolen from MCG) | Name and Social Security number xxx-xx-3500 |
| 127 | 7/20/2011 | **ANGELA WILLINGHAM aka ANGELA GUSTAVE** <br><br> LASANDRA WHITFIELD <br><br> KELLY BARTON | Theft of Public Money as charged in Count 66 | R.D. (stolen from Gracewood) | Name and Social Security number xxx-xx-4621 |

The defendant understands and agrees that nothing in this agreement shall abrogate the duty and right of the government to bring all sentencing facts to the attention of the sentencing court, and the defendant further agrees that the government shall not be bound to make any

recommendation under this agreement if to do so would directly contradict facts relevant to the offense conduct or the defendant's prior conduct or criminal history, which first come to the attention of the government, or are confirmed as true, only after the signing of this agreement.

The defendant understands that the Court is not a party to this agreement, that the government can only make recommendations which are not binding on the Court, and that after the entry of the defendant's guilty plea, the defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law up to the statutory maximum sentence.

The defendant further advises the Court that the defendant understands that the U. S. Probation Office will prepare a presentence investigation report for the Court, and that the U. S. Probation Office will consider all of defendant's conduct related to the offense to which he is pleading, which may include conduct related to Counts of the Indictment which were or are to be dismissed or for which the defendant was acquitted, as well as the defendant's criminal history, and that these facts may be considered by the Court in determining the defendant's sentence. The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney.

The defendant advises the Court that the defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than the defendant expected or, in the case of relevant conduct, is found to be more extensive than the defendant has admitted to, the defendant will still have no absolute right to withdraw the guilty plea.

b. FINES, ASSESSMENTS, AND FORFEITURES:

The defendant understands that any assessments imposed pursuant to 18 U.S.C § 3013 ($100) by the Court at sentencing must be paid on the date of sentencing.

The defendant understands that if a fine or restitution is imposed by the Court at sentencing, or if the United States is pursuing the forfeiture of any property in which the defendant has an interest, whether by administrative, civil, or judicial proceeding, the defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense.  The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief and agrees to make an honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office.

The defendant agrees to fully assist the government in the recovery and return to the United States of such assets or portions thereof as described above.  The defendant further agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by any nominee.  The defendant further agrees to take whatever steps and actions are necessary to pass clear title to the United States as to the property described above or any other forfeitable property, including, but not limited to, surrender of title, the signing of consent decrees of forfeiture, and the signing of any other documents necessary to effectuate such transfers.  The defendant agrees to consent to any civil or administrative

10

forfeiture and to take any steps necessary to locate property and to pass marketable title to the United States before the defendant's sentencing.

c. FOIA AND PRIVACY ACT WAIVER

The defendant retains all discovery rights to documents pertaining to the investigation and prosecution of this case as may by law apply to any post-conviction litigation as to which the right to proceed has not otherwise been waived or relinquished by the defendant in this agreement or otherwise; HOWEVER, notwithstanding any right on the part of the defendant to post-conviction litigation, the defendant, as a part of this agreement and in consideration of the promises by made the government hereunder, waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

4. DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT:

a. The defendant represents to the Court that the defendant has had the services of an attorney the defendant believes to be competent; that the defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss the defendant's case and receive advice; that the defendant has been truthful with his attorney and related all information of which the defendant is aware pertaining to the case; that the defendant and defendant's attorney have discussed possible defenses, if any, to the charges in the indictment, including the existence of any exculpatory or favorable evidence or witnesses, discussed the defendant's right to plead not guilty and compel a public trial by jury or by the Court, the right to

11

the assistance of counsel throughout the proceedings, the right to call witnesses in the defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the defendant's right to testify in the defendant's own behalf, or to remain silent and have no adverse inferences drawn from the defendant's silence; and that the defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

b. The defendant further represents to the Court that the plea agreement as set forth herein and the plea to be entered by the defendant is the result of prior discussions between the attorney for the government and the attorney for the defendant, conducted with the defendant's authorization, knowledge and consent; that this plea agreement contains the entire agreement and understanding between the government and the defendant; and that the defendant has no other agreements, understandings, or deals with any person other than those set out in this plea agreement, that is, the defendant advises the Court that the defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

c. The defendant represents to the Court that the defendant has been advised of the nature of the charge to which the plea of guilty is to be offered, of the maximum possible penalty provided by law, as set forth above, and that by entering a plea of guilty the defendant gives up all of the rights set out in paragraph "a" above, gives up any defenses to the charges, and understands that there will not be a further trial of any kind. The defendant further understands

12

that in entering a plea of guilty, the Court will ask questions about the offense to which the plea is entered.

The defendant understands that the defendant will be under oath and on the record in answering those questions, and that the defendant's answers may later be used against the defendant in a criminal prosecution for perjury or false statement if those answers are not truthful.

5.     <u>FAILURE TO COMPLY WITH TERMS OF AGREEMENT</u>

If the defendant at any time fails to comply with any of the terms of this agreement in any way, the government shall be released from its promises herein.  This includes, but is not limited to, any attempt by the defendant to obstruct justice, for example,  by influencing a  witness's testimony or committing new crimes prior to the acceptance of the plea by the court.

This ___5th___ day of _____Aug_____, 20_13_.

EDWARD J. TARVER
UNITED STATES ATTORNEY


Patricia G. Rhodes
Assistant United States Attorney
Georgia Bar No. 307288
Lead Counsel


Nancy C. Greenwood
Deputy Criminal Chief
Augusta Branch Office

13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) **INDICTMENT NO. CR 113-10** |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **ANGELA WILLINGHAM aka** | ) |
| **ANGELA GUSTAVE** | ) |
| | ) |

I have read the foregoing Plea Agreement, consisting of fifteen (15) pages, and I understand what it says and means, and by my signature hereunder I swear or affirm under penalty of perjury that the matters and facts set forth therein are true, and accurately and correctly state the representations that have been made to me by my attorney and government agents and/or prosecutors, and accurately set forth the terms and conditions of the plea agreement that has been reached by my attorney on my behalf and with my permission.

07/31/2013
_____
Date

_____
Angela Willingham aka Angela Gustave
Defendant

_____
Peter Johnson
Attorney for the Defendant

~~16~~
14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) INDICTMENT NO. CR 113-10 |
| | ) |
| v. | ) |
| | ) |
| | ) |
| ANGELA WILLINGHAM aka | ) |
| ANGELA GUSTAVE | ) |

O R D E R

The aforesaid Plea Agreement, having been considered by the Court in conjunction with

the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the

defendant's motion to change the defendant's plea and the Court finding that the plea of guilty is

made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be and it is hereby accepted and the

foregoing Plea Agreement be and it is hereby ratified and confirmed.

This _9th_ day of _September_ 20_13_

_____
J. RANDAL HALL
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

15