IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 113-010 |
| | * | |
| ANGELA WILLINGHAM | * | |

## O R D E R

Defendant Angela Willingham seeks relief under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion. Upon due consideration, the Court denies Willingham's request for relief.

Willingham pled guilty to conspiracy to defraud the government, two counts of misuse of health identifiers to file fraudulent tax returns, and two counts of aggravated identity theft. On June 18, 2014, she was sentenced to serve a total term of imprisonment of 170 months. Her convictions and sentence were affirmed on appeal. Willingham is currently incarcerated at Coleman Low FCI in Coleman, Florida with an expected release date of June 2, 2025.

The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early upon consideration

of the factors set forth in 18 U.S.C. § 3553(a) so long as such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Congress did not define what constitutes "extraordinary and compelling circumstances" other than to express that "[r]ehabilitation of the defendant alone" is insufficient. See 28 U.S.C. § 994(t). Rather, Congress instructed the Sentencing Commission to promulgate the "criteria to be applied and a list of specific examples" of extraordinary and compelling reasons. Id.

The existing policy statement of the Sentencing Commission, adopted before passage of the First Step Act of 2018, provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). Willingham concedes that she does meet any of these criteria. The application note also provides a catch-all category: **"As determined by the Director of the Bureau of Prisons,** there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

2

Indeed, prior to the First Step Act, § 3582(c)(1)(A) provided that only the Director of the Bureau of Prisons ("BOP") could bring a motion for compassionate release. However, Section 603(b) of the First Step Act, titled "Increasing the Use and Transparency of Compassionate Release," amended § 3582(c)(1)(A) to permit a defendant to bring a motion for compassionate release after either exhausting administrative rights to appeal the BOP's failure to bring such a motion or the passage of thirty days from the defendant's unanswered request to the warden for such relief. 18 U.S.C. § 3582(c)(1)(A). Through her motion, Willingham contends that the First Step Act also expanded the criteria for "extraordinary and compelling" circumstances; more specifically, she contends that the First Step Act now allows a district court to determine whether extraordinary and compelling reasons exist outside of the three enumerated examples in U.S.S.G. § 1B1.13 and independent of the BOP's determination.

Willingham's contention is not without support. In at least four judicial districts, courts have determined that the First Step Act signaled an intent from Congress that district courts may now consider whether extraordinary and compelling reasons for compassionate release exist other than those delineated in U.S.S.G. § 1B1.13 n.1. See United States v. Brown, --- F. Supp. 3d ---, 2019 WL 4942051, *4 (S.D. Iowa Oct. 8, 2019) (holding that the district court now assumes the same discretion as the BOP

3

Director when it considers a compassionate release motion); United States v. Fox, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("I treat the previous BOP discretion to identify other extraordinary and compelling reasons as assigned now to the courts."); United States v. Beck, 2019 WL 2716505 (M.D.N.C. June 28, 2019); United States v. Cantu, 2019 WL 2498923 (S.D. Tex. June 17, 2019). These courts have held that the policy statement of U.S.S.G. § 1B1.13 is simply outdated because it assumes that compassionate release may only be granted upon motions by the Director of the BOP. See, e.g., Beck, 2019 WL 2716505, at *5 ("There is no policy statement applicable to motions for compassionate release filed by defendants under the First Step Act.").

These cases, however, rest upon a faulty premise that the First Step Act somehow rendered the Sentencing Commission's policy statement an inappropriate expression of policy. This interpretation, and it appears to be an interpretation gleaned primarily from the salutary purpose expressed in the title of Section 603(b) of the First Step Act, contravenes express Congressional intent that the Sentencing Commission, not the judiciary, determine what constitutes an appropriate use of the "compassionate release" provision. See 28 U.S.C. § 944(t). Indeed, § 3582(c)(1)(A) as amended by the First Step Act *still* requires courts to abide by policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A).

Accordingly, this Court will follow the policy statement in U.S.S.G. § 1B1.13 and deny Willingham's motion because she does not meet the specific examples of extraordinary and compelling reasons and the Director of the BOP has not determined that circumstances outside of these examples exist to afford her relief. Accord, e.g., United States v. Lynn, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); United States v. Johns, 2019 WL 2646663 (D. Ariz. June 28, 2019); United States v. Gross, 2019 WL 2437463 (E.D. Wash. June 11, 2019); United States v. Heromin, 2019 WL 2411311 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231 (N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments").

Importantly, even if the Court were to conclude that the First Step Act granted it the discretion to consider what constitutes extraordinary and compelling circumstances outside of the Sentencing Commission's policy statement, Willingham would not be entitled to relief. Willingham proffers three reasons that her sentence should be reduced. First, she expresses that her sentence

5

is too harsh, especially as compared to that of defendants convicted of violent offenses. Second, she argues her sentence is extraordinary given the projected cost of her incarceration. Finally, Willingham points to her record of rehabilitation as one of an extraordinary character. The totality of these circumstances does not even move the needle toward the extraordinary and compelling circumstances that must exist before the Court should grant compassionate release. The fact remains that Willingham was fairly and appropriately sentenced under the advisory sentencing guidelines, a sentence that was affirmed by the Eleventh Circuit Court of Appeals. This attempt to relitigate the propriety of her sentence under the auspice of "compassionate release" falls completely flat.

Upon the foregoing, Defendant Angela Willingham's motion for compassionate release (doc. 649) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of December, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA