IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 113-010-1 |
| | * | |
| ANGELA WILLINGHAM | * | |

## O R D E R

Defendant Angela Willingham has filed another motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), this time because she is apprehensive of the COVID-19 pandemic, particularly in a prison setting.[1] She also complains that there has been an alleged outbreak of Legionnaires Disease at her facility. The Government opposes the motion. Upon due consideration, the Court denies Willingham's request for relief.

Section 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant in "extraordinary and compelling circumstances." Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release in

---

[1] Last October, Willingham sought compassionate release based upon her record of rehabilitation and because she believed her sentence was too harsh and too expensive. The motion was denied on December 10, 2019. (Doc. 654.) Willingham's appeal from this Order remains pending.

the district court. The First Step Act modified § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, Willingham submits evidence that the Warden of FCI Coleman Low has denied her request for consideration of compassionate release based upon her current health concerns. The Court will therefore address the merits of the present motion.[2]

This Court may only reduce Willingham's sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons"

---

[2] The Government argues that this Court is divested of jurisdiction to consider Willingham's current motion because her prior bid for compassionate release is on appeal. Because the current motion rests upon completely different grounds as the first, the Court finds that a ruling on the present motion is collateral to the merits involved in the appeal.

exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, the only possibly applicable category into which Willingham may fall is a qualifying medical condition, particularly since the Director of the BOP has not determined she is eligible for relief. Here, Willingham states that she suffers from hypertension, diabetes, anemia, major depressive disorder, cervicalgia, and sciatica, which places her at greater risk to be adversely affected by COVID-19. Willingham also complains that she has been exposed to Legionnaires Disease, though she has not been tested for it. Willingham, however, bears the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). To qualify as extraordinary and compelling, an inmate's medical condition must

3

be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Willingham presents no medical evidence that she meets either of these criteria. Indeed, her argument seems to be that she will likely meet the criteria *if* she contracts COVID-19 and/or Legionnaires Disease. Yet, again, Willingham provides no medical evidence to support her alleged serious medical conditions other than a cursory clinical report, and she has presented no evidence regarding the impact that COVID-19 would have upon her individually. Her generalized concern about possible exposure is at this point too speculative to qualify as extraordinary and compelling.[3] As the Third Circuit explained: "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." United States v. Raia,

---

[3] The Court notes that FCI Coleman Low is reporting only three (one inmate and two staff members) confirmed active cases of COVID-19 in the facility. See www.bop.gov/coronavirus (last visited on May 30, 2020).

954 F.3d 594, 597 (3d Cir. 2020). In short, without medical evidence and other necessary documentation (such as an approved home release plan) from which this Court may fully evaluate Willingham's individual circumstances as they relate to the COVID-19 pandemic, the Court denies her request for compassionate release.

Upon the foregoing, Defendant Angela Willingham's motion for compassionate release (doc. 667) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 1ST day of June, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA